Filed 7/18/24  P. v. Aldridge CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DARREN EUGENE ALDRIDGE,<br><br>Defendant and Appellant. | F086437<br><br>(Super. Ct. No. BF161711A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P. J., Peña, J. and DeSantos, J.

Appellate counsel for defendant Darren Eugene Aldridge has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated March 18, 2024, we also invited defendant to submit additional briefing. Defendant submitted two responses. First, on April 16, 2024, defendant asked this court to be relieved of his appellate attorney, believing this attorney misrepresented information to this court in the opening brief. Ten days later, defendant filed another handwritten document requesting oral argument and raising various issues.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record, including defendant's two filings with this court. Consistent with our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of this case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

In 2015, defendant was charged in an information with 31 separate felony counts. Among those counts alleged were nine counts of attempted murder, four counts of being a felon in possession of a firearm, and 14 counts of committing an assault with a firearm on law enforcement. The information also contained a number of enhancements alleging prior serious felony convictions, state or federal prison terms, and the use of firearms in the commission of various alleged crimes.

On October 12, 2016, defendant pled guilty to one count of assault with a firearm on law enforcement (Pen. Code,[1] § 245, subd. (d)(1)), shooting at an occupied vehicle,

---

[1] All further statutory references are to the Penal Code.

(§ 246), and for being a convicted felon in possession of a firearm (§ 29800, subd. (a)(1)). As part of the plea agreement, defendant also admitted to personally and intentionally discharging a firearm during the commission of a felony as specified in section 12022.53, subdivision (c), and to having suffered one prison prior within the meaning of section 667.5, subdivision (b). Following his plea, defendant was sentenced to the upper term of eight years for the assault charge, a consecutive 20-year term for the personal discharge of a firearm enhancement, and another consecutive one-year term for the prior prison term. Defendant also received concurrent terms of seven years for shooting at an occupied vehicle, and three years for the possession of a firearm.

On June 16, 2022, defendant's name appeared on a list prepared by the Department of Corrections and Rehabilitation as an inmate whose sentence included a section 667.5, subdivision (b) enhancement, which had been invalidated by a statute. (See § 1172.75.) Defendant soon petitioned the trial court to request resentencing. On June 9, 2023, the court recalled defendant's original sentence and struck the one-year section 667.5, subdivision (b) enhancement as required by section 1172.75, subdivision (a). However, the court declined defendant's additional request to strike the 20-year firearm enhancement pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, finding it would endanger public safety. This appeal followed.

## FACTUAL SUMMARY[2]

On September 29, 2015, Kern County Sheriff's deputies and Bakersfield Police officers responded to a report that defendant was barricaded in a trailer at a residential property with two women. Before these law enforcement officers arrived, defendant shot at deputy United States Marshals from inside the trailer while they were attempting to

---

[2] Because there was no trial in this matter, this factual summary is taken from the probation report submitted at the time of sentencing.

execute a search warrant for weapons. When police officers approached the trailer in a "[B]earcat," five gunshots were fired in their direction from inside the trailer. At some point, defendant threatened to shoot towards the officers' unprotected ankles. During the incident, defendant also announced he had bulletproof vests, gas masks, and multiple weapons. After a SWAT team placed tear gas under the trailer using a bomb squad robot, defendant exited the trailer and surrendered. Multiple firearms and rounds of ammunition were then located inside the trailer.

During an interview conducted after his arrest, defendant stated he thought " 'bad guys' " were after him, causing him to fire a round through the roof of the trailer. Once defendant realized law enforcement was outside, he fired multiple rounds in an attempt to keep them away.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.) Because defendant submitted two additional filings to this court, we briefly address issues he raises related to the new sentence.

When a statute specifies three possible terms, a trial court is required to impose the middle term unless certain findings can be made. (§ 1170, subd. (b)(1).) When considering a new sentence for defendant, the court acknowledged this requirement. The court then cited the "certified rap sheet" entered into evidence showing defendant's record of prior convictions, and further noted defendant had accepted the upper term as part of his original sentence. (§ 1170, subd. (b)(2) & (3).) We find no error in the choice of the upper term based on the record before us.

With respect to defendant's request to modify his sentence under section 1385, subdivision (c), defendant identified two reasons why the 20-year enhancement should be stricken from his sentence. The first concerned subdivision (c)(2)(D), which considers whether the evidence supports the conclusion that the commission of the criminal offense

4.

was connected to mental illness. The trial court did not believe the evidence supported this factor because the record only contained support letters and not actual evidence that would establish a mental illness "substantially contributed" to defendant's involvement in the offense. (See § 1385, subd. (c)(5).)

The second argument raised by defendant stated the enhancement should be stricken because it resulted in a sentence that exceeded 20 years.[3] (See § 1385, subd. (c)(2)(C).) When addressing this argument, the trial court stated as follows:

> "[T]he Court will deny [the request] to strike the [20]-year enhancement finding that to do so would endanger public safety. This was not [defendant's] first offense involving firearms as indicated in the original probation report as well as the certified rap sheet. In addition to these facts, [defendant] entered into a negotiated disposition. He agreed to this outcome, which included the imposition of the [20]-year enhancement. Finally, the Court finds [defendant's] criminal history ranging from 1987 to 2010, also shows that it would be a danger to the public to strike the firearms enhancement."

We recognize section 1385, subdivision (c)(1) provides that "the [trial] court shall dismiss an enhancement if it is in the furtherance of justice to do so," and subdivision (c)(2) states that "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence" of nine listed "mitigating circumstances," any one of which "weighs greatly in favor of dismissing the enhancement, *unless the court finds* that dismissal of the enhancement would endanger public safety." (Italics added.)

We believe the trial court made the necessary findings to reimpose the 20-year enhancement, consistent with the language of section 1385, subdivision (c)(2), by citing evidence supporting the conclusion public safety would be endangered if the enhancement was stricken, and noting the fact defendant accepted this particular

---

[3]     In his moving papers, defendant contended "multiple enhancements" were imposed, citing section 1385, subdivision (c)(2)(B). In fact, once the section 667.5, subdivision (b) was stricken, only one enhancement remained as part of his sentence.

enhancement as part of his original plea. (See *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17–21 [rejecting the argument that language in § 1385, subd. (c)(2)(C) providing an enhancement "shall be dismissed" makes dismissal mandatory whenever a sentence over 20 years may result]; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294–297 [court not required to dismiss an enhancement under § 1385, subd. (c)(2)(C) if it would endanger public safety.) We find no error in the court's refusal to strike the 20-year enhancement for the personal and intentional discharge of a firearm.

## DISPOSITION

The judgment is affirmed.